UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                                  )
                                        )     Case No. 15-48653
Tanesha Bady ,                          )     Hearing Date:
                                        )     Hearing Time:
        Debtor.                         )     Hearing Location:

CHAPTER 13 PLAN

**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

   $2250.00 per month for 60 months.


In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) <u>Tax Refund.</u> Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit (EIC) and Additional Child Tax Credit, each year. (2) <u>Employee Bonuses.</u> Debtor shall send fifty percent of any employee bonus or other distribution paid or payable to Debtor during the term of the plan. (3) <u>Additional Lump Sums.</u> Debtor shall send additional lump sums(s) consisting of _____, if any, to be paid to the Trustee.

> **DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 5 and fees in paragraph 6, those funds shall be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:**

1. **<u>Trustee and Court Fees.</u>** Pay Trustee a percentage fee as allowed by law and pay filing fees if the Court enters an order providing for filing fees to be paid in the Chapter 13 plan.

2. **<u>Executory Contract/Lease Arrearages</u>**. Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period,

estimated as follows:
| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD |
|---|---|---|

3. Pay sub-paragraphs concurrently:

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   | CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
   |---|---|---|

   (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   | CREDITOR NAME | MONTHLY PAYMENT | EST MONTHS REMAINING |
   |---|---|---|

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph ___ below.
   | CREDITOR NAME | MONTHLY PAYMENT |
   |---|---|
   | Justine Peterson | 590.00 |
   | St. Louis Development Corp | 982.00 |

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:
   | CREDITOR NAME | MONTHLY PAYMENT | BY DEBTOR/TRUSTEE |
   |---|---|---|
   | Nationstar | 855.00 | Debtor |

   (E) **DSO Claims in equal installments.** Pay any pre-petition domestic support obligation arrears (not provided for elsewhere in this plan) in full in equal monthly installments over the life of the plan, estimated as:
   | CREDITOR NAME | TOTAL AMOUNT DUE | INTEREST RATE |
   |---|---|---|

4. **Attorney Fees**. Pay Debtor's attorney $1250.00 in equal monthly payments over 12 months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See the Local Rules for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

   (A) **Pre-petition arrears on secured claims paid in paragraph 3**. Pay pre-petition arrearage on debts paid under paragraphs 3 (C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified

(L.F. 13 Rev. 05/2015)

below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| Nationstar | 12,000.00 | 48 | 0 |

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with 4.75% interest.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| First Financial | 5600.00 | 60 | 7200.00 |
| MSD | 2252.00 | 60 | 3000.00 |

(C) **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with 4.75% interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| | | | 60 | |

(D) **Co-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period set forth below and with interest as identified below.

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|

(E) Pay any post-petition fees and costs as identified in a notice filed per Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

6. Pay $2,000.00 of debtor's attorney's fees and any additional attorney fees allowed by the Court .

7. Pay sub-paragraphs concurrently:

   (A) **Unsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|

   (B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid

**directly** by Debtor(s).
CREDITOR          TOTAL DUE          TOTAL AMOUNT PAID BY TRUSTEE
                                     (100% or lesser dollar amount enumerated here)

  8. **Priority Claims.** Pay the following priority claims allowed under 11U.S.C. section 507 in full, estimated as follows:
    CREDITOR NAME          TOTAL AMOUNT DUE

9. Pay the following sub-paragraphs concurrently:

    (A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $32,085.44 Amount required to be paid to non-priority unsecured creditors as determined by 1325(a)(4) hypothetical Chapter 7 liquidation calculation: $.00. Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: $0. Debtor guarantees a minimum of $0 (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

    (B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:
    CREDITOR          COLLATERAL
.
    (C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:
    CREDITOR          CONTRACT/LEASE

10. Other:


11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily. Within fourteen days of filing federal and state income tax returns, Debtor shall provide a copy of each return to the Chapter 13 Trustee.

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

(L.F. 13 Rev. 05/2015)

4

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR. THE TRUSTEE, IN HIS SOLE DISCRETION, MAY DETERMINE TO RESERVE FUNDS FOR PAYMENT TO ANY CREDITOR SECURED BY A MORTGAGE ON REAL ESTATE PENDING FILING OF A CLAIM.

Date:  11/16/2015            Debtor: /s/Tanesha Bady

 /s/Robert E. Faerber
Robert E. Faerber, #46794/60555
Attorney for Debtor(s)
230 South Bemiston, Suite 600
Clayton, Missouri 63105
Tel:  (314)727-3434
Fax: (314)727-6992
faerber@msn.com